UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JEREMIE WHEELER,

        Plaintiff,

v.

Case No. 2:17-cv-11023
District Judge Nancy G. Edmunds
Magistrate Judge Anthony P. Patti

CITY OF MT. MORRIS and
JASON P. MOORE,

        Defendants.

_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO DISMISS (DE 19)

**I.  RECOMMENDATION**:  The Court should **GRANT** Defendants' October 24, 2017 motion to dismiss (DE 19) as unopposed.

**II.  REPORT:**

    **A.  Background**

        **1.  *Landon v. City of Flint*, Case No. 4:16-cv-11061-LVP-EAS (E.D. Mich.)**

On March 23, 2016, Karter Landon initiated a lawsuit against the City of Flint, Michigan.  (DE 1.)  The June 22, 2016 amended complaint alleges the following causes of action:  **(I)** a violation of his right to due process and freedom from unconstitutional searches pursuant to the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution (42 U.S.C. § 1983); **(II)** a violation of his right to equal protection pursuant to the Fourteenth Amendment to the United

States Constitution (42 U.S.C. § 1983); and, **(III)** unjust enrichment. (DE 16 at 22-34.) Landon seeks several forms of relief. (DE 16 at 40-42.)

On January 24, 2017, Judge Parker entered an opinion and order rejecting Defendant's objections to the Magistrate Judge's report and recommendation and granting Plaintiff's motion for a preliminary injunction. (DE 53.) This order specifically enjoined the City of Flint "from conducting inspections of the City's rental properties or penalizing any person for refusing to allow an inspection of any rental property in the absence of a warrant, other pre-compliance review process, or the existence of exigent circumstances as that term has been identified by the United States Supreme Court or the United States Court of Appeals for the Sixth Circuit." (DE 53 at 6-7.)

Approximately six months later, on June 27, 2017, Judge Parker entered another opinion and order, this one rejecting Defendant's objections to the Magistrate Judge's reports and recommendations and granting in part and denying in part the parties' motions for summary judgment. (DE 67.) Specifically, the Court granted the City of Flint's motion for summary judgment to the extent it sought dismissal of Plaintiff's equal protection claim and granted Plaintiff's motion for partial summary judgment "to the extent he seeks a declaration that the version of Flint's Rental Inspection Code in effect when this lawsuit was filed violates the

Fourth Amendment[.]"  (DE 67 at 15-16.)

According to the second amended scheduling order, the jury trial is set to begin on June 11, 2018.  (DE 78.)

### 2. Instant Case

Meanwhile, on March 31, 2017, Plaintiff Jeremie Wheeler, via counsel, filed this lawsuit against Defendants City of Mt. Morris and Jason P. Moore.  The opening page of the complaint asserts that the *Landon* case arises "out of the transaction or **similar occurrences** alleged in this complaint . . . ."  (DE 1 at 1 (emphasis in original).)

The *Wheeler* lawsuit concerns rental unit inspection ordinances and sets forth the following causes of action:   (I) declaratory judgment and injunction (28 U.S.C. § 2201, et seq.); (II) violation of right to due process and freedom from unconstitutional searches pursuant to the Fourth, Fifth, and Fourteenth Amendments (42 U.S.C. § 1983); (III) violation of right to equal protection pursuant to the Fourteenth Amendment to the United States Constitution (42 U.S.C. § 1983); (IV) regulatory taking; and, (V) demand for refunds of registration and inspection fees. (DE 1 ¶¶ 20-87.)   Defendants have filed an answer.  (DE 6.)

Pursuant to Judge Edmunds's scheduling order, discovery was due by October 1, 2017, and dispositive motions were due on or before November 1, 2017.

(DE 10.)

### B.     Plaintiff Wheeler now represents himself.

Judge Edmunds has referred this case to me for all pretrial proceedings.   (DE 13.)   On July 12, 2017 – just fifteen (15) days following Judge Parker's June 27, 2017 opinion and order in *Landon* - attorney Washington, attorney Gibbs and their respective law office filed a motion for entry of an order allowing withdrawal of attorneys on the bases of unpaid fees, loss of contact and a breakdown of relationship, a copy of which was served upon Plaintiff by e-mail.   (DEs 11, 12.)   On August 8, 2017, a "consent to the entry of an order allowing withdrawal of attorneys" was filed, and it appears to have been signed by Plaintiff Jeremie Wheeler.   (DE 15.)

On September 14, 2017, I entered an order granting the motion for entry of an order allowing withdrawal of attorneys (DE 11) and directing the Clerk of the Court to terminate Plaintiff's counsel of record & update Plaintiff's contact information.   (DE 16.)   My order specifically provided:   "Plaintiff Jeremie Wheeler **SHALL**, within the next thirty (30) days, either make the necessary arrangements for securing new counsel **OR** inform the Court in writing of his inability to do so."   (DE 16 at 2.)   Attorneys Washington and Gibbs filed certificates of service of this order upon Plaintiff by email and by regular mail to his address of record, as identified in the

motion to withdraw and the related notice of consent. (DEs 17, 18; *see also* DE 11, ¶ 10; DE 15 at 2.)

### C. Instant Motion

Currently before the Court is Defendants City of Mt. Morris and Jason P. Moore's October 24, 2017 motion to dismiss (DE 19), in which they raise the following arguments.

1. Plaintiffs' claims of improper search/lack of due process are unsustainable.

2. Plaintiffs have not pleaded a cognizable equal protection claim.

3. Plaintiffs' regulatory takings claim is unripe.

4. The official capacity claims against Jason Moore are duplicative.

5. Jason Moore is entitled to qualified immunity.

(DE 19 at 12-23.)

### D. Discussion

#### 1. This motion is unopposed.

"A respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. LR 7.1(c)(1). The instant motion to dismiss, filed on October 24, 2017 pursuant to Fed. R. Civ. P. 12(c) ("Motion for Judgment on the Pleadings."), is a dispositive motion. E.D. Mich. LR 7.1(e)(1)(A). "A response to a dispositive motion must be filed within 21 days after

service of the motion." E.D. Mich. LR 7.1(e)(1)(B). As such, Plaintiff's response would ordinarily have been due on or about Friday, November 17, 2017. Fed. R. Civ. P. 6(a),(d). Here, the Court entered a scheduling order, which set Plaintiff's response deadline for November 27, 2017. (DE 20.) A copy of this order was served upon Plaintiff at his address of record.

To date, Plaintiff has not filed a response, and there is no indication on the docket that the Court's order requiring response was returned to the Court as undeliverable.[1] Thus, Defendants' motion to dismiss is unopposed. A motion to dismiss which is unopposed may be granted on that basis alone. *Humphrey v. U.S. Attorney Gen.'s Office*, 279 F.App'x 328, 331 (6th Cir. 2008) ("where, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motion to dismiss, the arguments have been waived."); *Burdick v. Anthony*, No. 1:06-cv-2687, 2007 WL 275968, at *1 (N.D. Ohio Jan. 26, 2007) ("The district court's power to grant motions to dismiss because they are unopposed is firmly settled.") (citations omitted).

The Court recognizes that Plaintiff's lawsuit was filed by his former counsel and further recognizes that Plaintiff now represents himself. However, a *pro se*

---

[1] The text certificate of service lists 10283 Oak Rd., *Otusville* MI 48463, but the address of record is 10283 Oak Rd., *Otisville*, MI 48463. This one letter typographical error is of no import, as the zip code is correct. *See* https://tools.usps.com/zipcodelookup/bycitystate (last visited April 30, 2018.)

litigant is required to follow the law and "a willfully unrepresented *plaintiff* volitionally assumes the risks and accepts the hazards which accompany self-representation." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (emphasis in original). Although Plaintiff became a *pro se* litigant without having started out that way, he consented to the withdrawal of his attorneys (DE 15), the Court's September 14, 2017 order provided 30 days for him to "either make the necessary arrangements for securing new counsel **OR** inform the Court in writing of his inability to do so[,]" (DE 16 at 2), and Plaintiff was given ample time after their September 14, 2017 withdrawal in which to respond to the instant motion (DE 20). Further, while a *pro se* litigant's pleadings, as are being challenged here, would normally be subject to a more liberal reading, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) ("the allegations of the pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers[.]"), the pleading at issue here was drafted by licensed attorneys. (*See* DE 1 at 26.) Thus, where Defendants challenge Plaintiff's complaint for failure to state a claim, and Plaintiff does not oppose the challenge, the Court should be less inclined to undertake a detailed analysis and liberally uphold Plaintiff's pleading; conversely, if Plaintiff had taken the opportunity to respond to the motion and argued for the efficacy of his claims, he would have benefited from the work of his

prior counsel, although it appears he elected not to do so.

### 2. Conclusion

Ordinarily, the Court would engage in a summary of the factual allegations upon which Plaintiff's complaint is based (DE 1 ¶¶ 20-56) and address Defendants' arguments on their merits (*see* DE 19 at 12-23). However, it is unnecessary to do so here. In sum, for the foregoing reasons, the Court should **GRANT** Defendants' October 24, 2017 motion to dismiss (DE 19) as unopposed.

## III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: May 7, 2018          s/Anthony P. Patti
                            Anthony P. Patti
                            UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent electronically and/or by U.S. Mail.

                            s/Michael Williams
                            Case Manager for the
                            Honorable Anthony P. Patti

9